UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW L.,[1]

                Plaintiff,

  -v-

MICHELLE KING, ACTING COMMISSIONER
OF SOCIAL SECURITY,

                Defendant.[2]

24-CV-0275 (RFT)

**OPINION & ORDER**

       This case is before the undersigned on consent for all purposes under 28 U.S.C. § 636(c). Plaintiff Matthew L. seeks judicial review of a final determination by the Commissioner of the Social Security Administration, denying his application for social security disability benefits under the Social Security Act. (*See* ECF 13, Pl.'s Mem. of Law in Supp. of Mot. at 1-2.) Plaintiff, who has never worked more than part-time in a supportive environment and who lives with his parents, has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, seeking reversal of the Commissioner's decision and remand for further administrative proceedings. (*See* ECF 12, Pl.'s Mot.) I have carefully reviewed Plaintiff's brief (ECF 13, Pl.'s Mem.), the Acting Commissioner's brief in opposition (ECF 20, Def.'s Opp.), and Plaintiff's reply (ECF 21, Pl.'s Reply). I heard oral argument on January 31, 2025. (*See* ECF 24,

---

[1]     To preserve his privacy, Plaintiff is referred to by his first name and the first initial of his last name.

[2]     Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Michelle King is substituted as the defendant in this action.

1

Order.) For the reasons stated on the record, Plaintiff's motion to reverse the Commissioner's decision is GRANTED and the case is REMANDED for further proceedings.

## DISCUSSION

In a twelve-page opinion, the administrative law judge ("ALJ") found that Plaintiff was not disabled and could perform simple work in a low-stress environment with limited changes and limited contact with others. (R. at 15, 23, 26.) In reaching that determination, the ALJ found persuasive and relied on the opinions of two non-examining consultants, Drs. Haus and Kamin, who reviewed Plaintiff's record as of May 20, 2021 and September 7, 2021, respectively. (*See id.* at 23.) Those consultants opined that Plaintiff had only moderate limitations in understanding, remembering and applying information; interacting with others; concentration, persistence and pace; and adapting and managing himself. (*Id.*) The ALJ found unpersuasive the opinions of Dr. Tobe, who had treated Plaintiff, and of several non-medical professionals who had assessed Plaintiff's ability to function in a workplace. (*See id.* at 23-24.)

An ALJ's "[f]ailure to apply the correct legal standard constitutes reversible error." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). A court may not defer to an ALJ's determination that is the product of legal error, including a failure to set forth "a discussion of the evidence" and the "reasons upon which [the decision] is based." 42 U.S.C. § 405(b)(1); *see Cullen v. Kijakazi*, No. 23-CV-1690 (AS) (RWL), 2024 WL 564501, at *2 (S.D.N.Y. Feb. 9, 2024), *report and recommendation adopted*, 2024 WL 1158455 (S.D.N.Y. Mar. 18, 2024). When "the ALJ has applied an improper legal standard," or when there is not substantial evidence to support the ALJ's determination, the reviewing court may remand to the ALJ. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

Beyond merely considering the supportability and consistency of medical source opinions, the ALJ must explain how he analyzed those factors. *See* 20 C.F.R. § 404.1520c(b)(2); *Vellone v. Saul*, No. 20-CV-261 (RA) (KHP), 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) ("[I]n cases where the new regulations apply, an ALJ *must* explain his/her approach with respect to the first two factors when considering a medical opinion . . . ."), *report and recommendation adopted*, 2021 WL 2801138 (S.D.N.Y. July 6, 2021). Under the current regulations, an ALJ's failure to properly consider and apply the consistency and supportability factors may be a basis for remand. *See, e.g.*, *Rivera v. Comm'r of Soc. Sec.*, No. 19-CV-4630 (LJL) (BCM), 2020 WL 8167136, at *22 (S.D.N.Y. Dec. 30, 2020) (remanding for ALJ to "reevaluate the persuasiveness assigned to the opinion evidence of record and explicitly discuss both the supportability and the consistency of the consulting examiners' opinions"), *report and recommendation adopted*, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021); *Andrew G. v. Comm'r of Soc. Sec.*, No. 19-CV-942 (ML), 2020 WL 5848776, at *5-9 (N.D.N.Y. Oct. 1, 2020) (remanding because ALJ failed to adequately explain the supportability or consistency factors that led to the decision); *see also* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (requiring the ALJ to "explain how [he or she] considered the supportability and consistency factors").

The ALJ erred by failing to explain his assessment of the persuasiveness of the non-examining consultants' opinions. The ALJ stated that Drs. Haus's and Kamin's conclusions were "persuasive," because "[t]hese opinions come from medical specialists and their opinions are supported by, and consistent with, the rest of the psychiatric evidence of record." (R. at 23.) This conclusory assertion fails to comply with the regulations that require an ALJ to "consider all medical opinions in the record and evaluate their persuasiveness, considering the factors

outlined in the regulations and specifically explaining, in all cases, how he assessed the 'supportability' and 'consistency' factors." *Hernandez v. Kijakazi*, No. 21-CV-4918 (VF), 2023 WL 2207601, at *8 (S.D.N.Y. Feb. 24, 2023) (quoting 20 C.F.R. § 416.920c(b)(2)); *see also Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 585-87 (S.D.N.Y. 2022) (finding that remand was required where the ALJ failed to specifically address the supportability and consistency factors); *Brianne S. v. Comm'r of Soc. Sec.*, No. 19-CV-1718 (FPG), 2021 WL 856909, at *5 (W.D.N.Y. Mar. 8, 2021) (explaining that when an ALJ does not specifically examine the evidence used to support a physician's opinions and conclusions, the ALJ fails "to apply or even consider the supportability factor," which amounts to "legal error").

Plaintiff's treating physician, Dr. Tobe, opined that Plaintiff had extreme limitations in applying information, interacting with others, maintaining pace, adapting in the workplace and managing himself in the workplace; had marked limitations in understanding information and persisting; and had moderate limitations in remembering information and concentrating. (R. at 932.) The ALJ's assessment of Dr. Tobe's residual functional capacity ("RFC") opinion – that the opinion was unpersuasive because it was "inconsistent with the vast preponderance of [Dr. Tobe's] own clinical findings" and "with the mental status examinations conducted by other medical professionals" (*id.* at 24) – did not include adequate analysis and explanation. Therefore, the ALJ's assessment of Dr. Tobe's opinion failed to comply with the regulations that require an ALJ to "specifically explain[ ]" his conclusions about supportability and consistency. *Hernandez*, 2023 WL 2207601, at *8; *see also Velasquez v. Kijakazi*, No. 19-CV-9303 (DF), 2021 WL 4392986, at *25-27 (S.D.N.Y. Sept. 24, 2021) (finding that remand was appropriate where

4

the ALJ failed to adequately articulate the rationale for finding a treating physician's opinion to be unpersuasive).

The ALJ's reliance on "normal" mental status examinations to conclude that Dr. Tobe's opinion was unpersuasive (R. at 24) likewise constituted error in the context of this case. The Second Circuit has counselled against relying on mental status examinations to draw conclusions about a plaintiff's abilities in a work context, because such examinations analyze the "mental state only at the time of the examination and do not consider symptoms the patient may experience outside of that brief period of time." *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022). An ability to function in certain lower stress situations such as a brief medical appointment does not necessarily demonstrate an ability to "complete tasks in the context of regular employment during a normal workday or work week." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(C)(6)(b).

The ALJ also failed to appropriately consider Dr. Tobe's first-hand knowledge of Plaintiff. The Second Circuit has recognized the value of treating source opinions when reviewing claims involving mental impairments. *See Steven M.W. v. Comm'r of Soc. Sec.*, No. 21-CV-390 (LJL) (GRJ), 2022 WL 2669491, at *6 (S.D.N.Y. June 17, 2022) (citing *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 F. App'x 119, 122 (2d Cir. 2018)), *report and recommendation adopted*, *Washburn v. Comm'r of Soc. Sec.*, 2022 WL 2669296 (S.D.N.Y. July 11, 2022).

These errors are not harmless: by making a conclusory assertion that the consultants' opinions were supported and consistent with the evidence in the record and that Dr. Tobe's opinion was not, the ALJ avoided grappling with the evidence that Plaintiff had extreme and marked as well as moderate limitations. The ALJ also found vocational assessments opining that

5

Plaintiff would need a job coach or comparable support to function in a workplace to be unpersuasive because they "d[id] not reflect medical opinions on the severity of the claimant's conditions." (R. at 24.) The ALJ improperly failed to provide any explanation of how the opinions of the non-examining consultants – that Plaintiff had only moderate limitations and could function in a workplace – could be reconciled with the vocational assessments indicating that Plaintiff needed a job coach or comparable support. *See Prieto v. Comm'r of Soc. Sec.*, No. 20-CV-3941 (RWL), 2021 WL 3475625, at *13 (S.D.N.Y. Aug. 6, 2021) ("To [analyze consistency], the ALJ must assess how consistent the medical opinion is with the other medical *and nonmedical sources* in the claim.") (emphasis added); *Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502 (AJN) (KHP), 2021 WL 363682, at *10 (S.D.N.Y. Jan. 29, 2021) ("Consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the *entire record* . . . .") (emphasis added), *report and recommendation adopted*, *Cuevas v. Comm'r of Soc. Sec.*, 2022 WL 717612, at *1 (S.D.N.Y. Mar. 10, 2022).

## CONCLUSION

For the foregoing reasons and the reasons stated on the record, Plaintiff's motion is GRANTED and the case is REMANDED for further proceedings. The ALJ is directed to explicitly consider the supportability and consistency of all medical opinions, incorporating appropriate consideration of Dr. Tobe's treating relationship with Plaintiff; to assess the consistency of all medical opinions, but particularly the consultants' opinions, with all medical and nonmedical sources, including the opinions that Plaintiff would need a job coach or similar support to function in a workplace; to carefully consider whether and to what extent Plaintiff's ability to function in structured settings such as during brief medical or testing appointments is probative

of his capacity to cope with the stress of sustained activities in a work environment; and to reassess Plaintiff's RFC and the corresponding availability of suitable jobs that exist in significant numbers in the national economy. The Clerk of Court is respectfully requested to close the case.

Dated: New York, New York
      February 5, 2025

SO ORDERED.

*[signature]*

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**